IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TWYLA ROOD                                                                PLAINTIFF

vs.                                  Civil No. 6:05-cv-6047

MICHAEL J. ASTRUE[1]
Commissioner, Social Security Administration                        DEFENDANT

**ORDER**

Pending now before this Court is Plaintiff's Counsel's Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Doc. No. 13).[2] This motion was filed on February 25, 2007. The Commissioner responded to this motion on February 29, 2008. (Doc. No. 16). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 6). Pursuant to this authority, the Court issues this Order.

**Background:**

Twyla Rood ("Plaintiff") appealed to this Court from the Commissioner of the Social Security Administration's ("Commissioner") denial of her request for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Doc. No. 1). On September 20, 2006, the Honorable Judge Bobby E. Shepherd reversed and remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 12). Plaintiff's counsel never requested fees under the Equal Access to Justice Act ("EAJA").

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."

On September 15, 2007, after this remand, the Commissioner entered a decision fully favorable to Plaintiff, and Plaintiff received a total of $18,561.62 in past-due benefits. (Doc. No. 15-4). Plaintiff's attorney states that the Commissioner has withheld a total of $7,923.00 for attorney's fees in the present action, which she claims represents 25% of the past-due benefits paid to Plaintiff. *See id.* Plaintiff's counsel seeks this amount for the 36.85 hours she asserts were spent representing Plaintiff, 11.30 hours devoted to the representation of Plaintiff before the district court and 25.55 hours devoted to the representation of Plaintiff at the administrative level. (Doc. No. 15-5). Plaintiff argues an award of $7,923.00 for 36.85 hours would represent a total of $215.01 per hour. Plaintiff's counsel has also filed her contingency fee agreement with Plaintiff reflecting a 25% contingency fee if a "claim is awarded by the Appeals Council or by a Federal Court or following an order of remand issued by the Social Security Administration or a Federal Court." (Doc. No. 15-3).

Defendant objects to awarding Plaintiff's counsel fees for the hours Plaintiff's counsel claims were devoted to the representation of Plaintiff at the administrative level. (Doc. No. 16). Defendant argues that "the words of the statute authorizing attorney's fees in Social Security cases are clear that a court can award an attorney fee only for court-related representation." *See id.* Defendant also objects to Plaintiff's failure to mitigate costs by failing to file an EAJA petition. (Doc. No. 16).

**Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of a claimant before the court. This fee must not be in excess of 25% of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may

be taken out of the amount of the claimant's past-due benefits. *See id.* A court, however, is not authorized to approve a fee for time spent in the representation of a claimant at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *See id.* The Supreme Court has, however, abrogated *Cotter* and has held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the Supreme Court in *Gisbrecht*, held "that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* at 808. The court is, however, required to review "such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

When considering a fee award, the court must balance two important policy concerns. On one hand, fee awards should be substantial enough to encourage attorneys to accept Social Security cases, particularly when the attorney faces a risk of nonpayment. *See Wallace v. Barnhart*, 2004 WL 883447, *3 (N.D.Iowa,2004). If remuneration is insufficient, then deserving claimants will be unable to find counsel. *See id. quoting McDonald v. Apfel*, 2000 WL 744115 *1 (W.D.Mo. June 8, 2000). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *Gisbrecht* 535 U.S. at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

In determining a reasonable attorney's fee, the court will in each case consider the following factors: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3 (1983). These factors are generally accepted as relevant to determining the reasonableness of requested fees in social security disability cases. *McDonald v. Secretary of Health and Human Services*, 884 F.2d 1468, 1473 (1st Cir. 1989). Finally, plaintiff's attorney has the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. 789 at 807.

**Discussion:**

While Plaintiff's counsel seeks an attorney's fee of 25% of the past-due benefits based on the contingent fee agreement, she asserts she has spent 36.85 hours performing court-related and administrative services for her client. (Doc. No. 15-5). Plaintiff's counsel also asserts she is entitled to an award of $7,923.00, which represents an hourly rate of $215.01 for 36.85 hours. Pursuant to the Eighth Circuit's decision in *Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990), Plaintiff's counsel clearly cannot recover for the hours she spent performing administrative services for her client. *See* 42 U.S.C. § 406(b). Instead, Plaintiff's counsel can only recover for the time devoted to the representation of Plaintiff before the district court.

For reasons not explained in the pleadings, Plaintiff's counsel did not file an EAJA petition after the Court's final Judgment was entered. (Doc. No. 12). If Plaintiff's counsel had been awarded 406(b) fees and EAJA fees, she would have been required to refund the amount of the smaller fee, which is typically the EAJA fee, back to the Plaintiff. *See* Public Law 99- 80, §3, 99 Stat. 183, 186 (1985), codified as "savings provision" at 28 U.S.C. § 2412; *see also Gisbrecht*, 535 U.S. at 796; *Talbott v. Bowen*, 832 F.2d 111, 112 (8th Cir. 1987).

Defendant argues a reasonable EAJA fee, had Plaintiff filed such a petition, would have been $1,695.00. Defendant calculated this amount by taking the number of hours Plaintiff's counsel spent in representing the Plaintiff before the district court, or 11.30 hours, multiplied by the lowest claimed customarily charged hourly rate in Plaintiff counsel's locality, or $150.00. (Doc. No. 15).

Balancing the Court's duty to protect the Plaintiff's disability award against a fee that is substantial enough to encourage attorney's to accept social Security cases, and considering the factors listed above, the Court does not believe that the contingent-fee agreement here or the

5

$7,923.00 requested by Plaintiff's counsel produces an "unreasonable fee." The Court should not simply "rubber-stamp" a contingency-fee agreement, but rather should ensure that both the claimant's benefits are protected as well as the attorney's rights to payment for effective assistance of counsel. *See Mitchell v. Barnhart*, 376 F.Supp2d 916, 923 (S.D. Iowa 2005). Lawyers representing social security claimants are entitled to be paid reasonable compensation for their work as much as lawyers performing other types of legal work. *See id.*

Here, Plaintiff's counsel could have requested an EAJA fee of $1,695.00, which would have been remitted to the Plaintiff based on an award of attorneys fees in this case. In order to assure the Plaintiff in this matter is given the benefit of EAJA, the requested fee of $7,923.00 will be reduced by the EAJA fee Plaintiff's counsel could have obtained, $1,695, resulting in a fee award of $6,228.00.

**Conclusion:**

Pursuant to 42 U.S.C. § 406(b), this Court approves an attorney's fees in the amount of $6,228.00.

**ENTERED** this **10th day of MARCH, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE